1
2
3
4
5
6
7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ANGEL GARCIA,                    )        No. C 97-20236 RMW (PR)
                                      )
12              Petitioner,           )        ORDER DENYING
                                      )        PETITIONER'S MOTIONS
13       vs.                          )        FOR RECONSIDERATION
                                      )        TO REOPEN TIME TO
14   SUSAN L. HUBBARD, Warden,        )        APPEAL
                                      )
15              Respondent.           )
                                      )
16   _____      )        (Docket Nos. 39, 42)

17

18          Petitioner, a California prisoner proceeding pro se , filed a petition for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  On March 31, 2003, the court denied the

20   petition and entered judgment in favor of respondent.  Over three years later, petitioner

21   has filed two motions for reconsideration seeking to file a late appeal, asserting that he

22   did not receive notice of the court's March 2003 order and judgment.  The court notes

23   that the order sent to petitioner by the court was not returned by mail as undeliverable.

24          First, petitioner requests that the court reopen the instant habeas action, pursuant to

25   Federal Rule of Procedure 60(b), and allow petitioner an opportunity to file written

26   objections to the court's denial of his habeas petition.  In the alternative, petitioner asks

27   the court to reopen the time to appeal from the judgment pursuant to Federal Rule of

28   Appellate Procedure 4(a)(6).  See petitioner's motion at 1-4.

1    Relief from the deadline for a timely notice of appeal may be obtained by a motion

2   in the district court under Rule 4(a)(5) (motion for an extension of time) or 4(a)(6)

3   (motion to reopen time to file appeal).  Rule 4(a)(5) allows a motion for an extension of

4   time if the party requests it within thirty days of the expiration of the time to file the

5   notice and shows excusable neglect or good cause.  <u>See</u> Fed. R. App. P. 4(a)(5).  The

6   extension must be to no later than thirty days after the original deadline, or ten days after

7   the entry of the order granting the motion, whichever is later.  <u>See</u> <u>id.</u>

8   Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days
> after the date when its order to reopen is entered, but only if all the following
> conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or
> within 7 days after the moving party receives notice of the entry, whichever is
> earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the
> judgment or order sought to be appealed but did not receive the notice from the
> district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

15  Relief from the expiration of the time to appeal may not be sought after the 180-day

16  period in Rule 4(a)(6) has expired.  <u>See</u> <u>In re Stein</u>, 197 F.3d 421, 425 (9th Cir. 2000).

17  Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a

18  timely notice of appeal.  <u>See</u> <u>id.</u> at 426-27 (Fed. R. Civ. P. 60(b) cannot be used to avoid

19  the expiration of the 180-day time period).  It must be enforced without distinction

20  between counseled and uncounseled cases.  <u>See</u> <u>Clark v. Lavallie</u>, 204 F.3d 1038, 1041

21  (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry

22  of judgment).  Because petitioner's motions for reconsideration were not filed until more

23  than three years after entry of judgment,  the court concludes that petitioner is not entitled

24  to relief under Fed. R. Civ. P. 60(b) or Fed. R. App. P. 4(a)(6).  Accordingly, petitioner's

25  motions for reconsideration (docket nos. 39, 42) are DENIED.

26    IT IS SO ORDERED.

27  Dated:  __1/5/2007_____        __/s/ Ronald M. Whyte_____
                                        RONALD M. WHYTE
28                                      United States District Judge

Order Denying Petitioner's Motions for Reconsideration
P:\pro-se\sj.rmw\hc.97\Garcia236denrecon        2

1  On _____1/8/2007_____, a copy of this order was mailed to the
   following:

2

3  Angel Garcia
   D-01785
4  CSP - Sacramento
   C-2/226
5  P.O. Box 290066
   Represa, CA  95671-0066
6

7  David H. Rose
   Deputy Attorney General
8  CA State Attorney General's Office
   455 Golden Gate Ave
9  Suite 11000
   San Francisco, CA  94102-7004
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28